Dear Mr. Holmes:
This is to acknowledge receipt of your request for a formal opinion from this office which reads as follows:
 Advice is requested as to whether or not the Secretary of the Missouri State Employees' Retirement System has authority to refund the employee contributions that Circuit Clerks may pay into the Retirement System in order to establish prior membership credit with the Retirement System in accordance with the provisions of subsection 7 of § 104.340 RSMo, 1978. Specifically, advice is needed as to certain factual situations which are set forth on the attached sheet. (See attached sheet).
In addition, you have attached certain specific questions which read as follows:
 A. Whether a refund could be paid to a Circuit Clerk who terminates his membership and requests a refund under the provisions of subsection 2 of § 104.350
of House Bill 983.
 B. Whether a refund or a death benefit could be paid to a beneficiary or the estate of a Circuit Court Clerk under the provisions of § 104.430 RSMo 1978 or subsection 3 of § 104.372 of House Bill 983 in the event of the death of a Circuit Clerk.
 C. Whether a refund of accumulated contributions could be paid to a Circuit Clerk at retirement under the present provisions of subsection 2 of § 104.372 of House Bill No. 983 as enacted by the 80th General Assembly and signed into law by the Governor on February 14, 1980.
 D. Whether a refund of accumulated contributions could be paid to a Circuit Court Clerk prior to retirement, as other refunds have been paid to those members or vested members who were employees on or after August 31, 1972, under the present provisions of subsection 4 of § 104.372
of House Bill No. 983 as enacted by the 80th General Assembly and signed into law by the Governor on February 14, 1980.
Subsection 7 of § 104.340, RSMo 1978, reads as follows:
 7. Any person who is a circuit clerk on June 30, 1980, or a deputy circuit clerk or division clerk on June 30, 1981, and who by virtue of becoming a state employee on the next day, respectively, becomes a member shall be entitled to prior service credit for service rendered as a circuit clerk, deputy circuit clerk, division clerk or the clerk, deputy or assistant clerk of one of the courts (other than a municipal court) whose jurisdiction is transferred to the circuit court on January 2, 1979, if:
 (1) The person was on the day immediately before becoming a member of the Missouri state employees' retirement system a member of the St. Louis city employees' retirement system, a member of the Missouri local government employees' retirement system under the provisions of sections 70.600 to 70.760, RSMo, or of a county retirement system established prior to October 13, 1967, or authorized by section 70.615, RSMo;
 (2) The person makes application to the board for such prior service credit within ninety days after becoming a member of the Missouri state employees' retirement system and established such service to the satisfaction of the board; and
 (3) The person pays into the fund within one hundred eighty days after becoming a member of the Missouri state employees' retirement system an amount equal to any contributions paid into any such city, local employees or county retirement system by him or in his behalf by virtue of service rendered in such capacities which he received or could receive from such system as a refund upon withdrawal from such city, local or county retirement system.
Thus, under the provisions of subsection 7 of § 104.340, RSMo 1978, circuit court clerks became members of the Missouri State Employees' Retirement System as of July 1, 1980. As a result, these individuals have the right under the provisions of subsection 7(2) of § 104.340, RSMo 1978, to make an application to the Board of Trustees within ninety days of July 1, 1980 to establish prior service credit with the Retirement System if these individuals on the day before immediately becoming a member of the Missouri State Employees' Retirement System were members of the St. Louis City Employees' Retirement System, a member of the Missouri Local Government Employees' Retirement System or of a county retirement system established prior to October 13, 1967.
In addition, subsection 7(3) of § 104.340, RSMo 1978, requires these individuals within one hundred eighty days after becoming a member of the Missouri State Employees' Retirement System on July 1, 1980, to pay an amount equal to any contributions paid into such city, local employees' or county retirement fund by the individual or in his or her behalf by virtue of service rendered in such capacities which he or she received or could receive from such system as a refund upon withdrawal from such city, local or county retirement system.
Finally, House Committee Substitute for House Bill No. 983 of the Second Regular Session of the 80th General Assembly, with an emergency clause, was signed into law by the Governor and became effective on February 14, 1980. This legislation repealed §§ 104.060, 104.330, 104.365, 104.370, 104.372, 104.380, 104.390,104.410, and 104.612, RSMo 1978, and § 104.350, RSMo Supp. 1979, relating to contributions by and retirement benefits for members of certain state retirement systems, and enacted in lieu thereof ten new sections relating to the same subject.
With the above legislative history in mind, we now consider the various issues raised in your opinion request. First of all, you inquire as to whether or not a refund could be paid to a circuit clerk who terminates his membership and requests a refund under the provisions of subsection 2 of § 104.350 of House Bill 983. In this regard, subsection 2 of § 104.350 of House Bill 983 reads as follows:
 2. Upon withdrawal from service, any member who is not entitled to a normal annuity or disability benefits under the provisions hereof shall receive, upon written application, a refund of the amount of his accumulated contributions to the fund not previously refunded. The board, in its discretion, may withhold payment of a refund for a period not to exceed one year after a member has ceased to be an employee.
Therefore, in response to the first factual situation presented, it is our view that a refund could be paid to a circuit clerk who terminates his membership and requests a refund under the provisions of subsection 2 of § 104.350 of House Bill 983.
You have also inquired whether or not a refund or a death benefit could be paid to a beneficiary or the estate of a circuit court clerk under the provisions of § 104.430, RSMo 1978, or subsection 3 of § 104.372 of House Bill 983 in the event of the death of a circuit clerk. Section 104.430 could not, in any event apply to circuit court clerks. Subsection 3 of § 104.372 of House Bill 983 reads as follows:
 3. When an employee dies on or after September 1, 1972, the board shall pay to such beneficiary as the employee may have designated in writing, or to his estate if no beneficiary be designated, an amount equal to his accumulated contributions plus credited interest not previously refunded to the date of death.
Therefore, in view of the above statutory provisions, and in response to the second factual situation presented, it is our view that a refund could be paid to a beneficiary or the estate of a circuit court clerk under the provisions of subsection 3 of § 104.372 of House Bill 983 in the event of the death of a circuit clerk.
Another factual situation that you have presented is whether or not a refund of accumulated contributions could be paid to a circuit clerk at retirement under the present provisions of subsection 2 of § 104.372 of House Bill 983. In this regard, subsection 2 of § 104.372 of House Bill 983 reads as follows:
 2. When a member who was an employee on or after August 31, 1972, thereafter retires, or when a former member who has been restored creditable service in accordance with the provisions of subsection 4 or 6 of section 104.350 retires, or who is entitled to a deferred annuity under subsection 4 of section 104.330, the board shall pay him an amount equal to his accumulated contributions and credited interest not previously refunded to the date of his retirement. This amount is in addition to any retirement benefits to which he is entitled; but, the provisions of this subsection shall not apply to members who elect to receive benefits because of service in the general assembly.
Under the above statutory provision, when a member who was an employee on or after August 31, 1972, thereafter retires, the board shall pay him an amount equal to his accumulated contributions and credited interest not previously refunded to the date of his retirement. It is to be noted that the legislature has added the phrase "or after" August 31, 1972 in House Bill 983. Cf. subsection 2 of § 104.372, RSMo 1978. In this regard, there is authority for the proposition that a change in a statute is ordinarily intended to have some effect and the legislature will not be charged with having done a meaningless act. State ex rel. Thompson-Stearns-Rogerv. Schaffner, 489 S.W.2d 207 (Mo. 1973). As a result, and in response to the third factual situation presented, it is our view that a refund of accumulated contributions could be paid to a circuit court clerk at retirement under the present provisions of subsection 2 of § 104.372 of House Bill 983.
Lastly, you have inquired as to whether or not a refund of accumulated contributions could be paid to a circuit court clerk prior to retirement, as other refunds have been paid to those members or vested members who were employees on or after August 31, 1972; under the present provisions of subsection 4 of §104.372 of House Bill 983. In this regard, subsection 4 of §104.372 of House Bill 983 reads as follows:
 4. Within ninety days after the effective date of this act or within ninety days after reinstatement of membership under subsection 6 of section 104.350, whichever occurs later, when a member or vested member who was an employee on or after August 31, 1972, shall so request in writing, the board shall immediately pay to that employee all accumulated contributions made on account of service rendered through August 31, 1972, and not previously refunded, plus credited interest to the date the payment is made by the board, and such refund of contributions and interest shall not in any way change any benefits or rights which the employee may be entitled to from the system.
Under the above statutory provision, within ninety days after the effective date of the act or within ninety days after reinstatement of membership under subsection 6 of § 104.350, whichever occurs later, and when a member or vested member who was an employee on or after August 31, 1972, shall so request in writing, the board shall immediately pay to that employee all accumulated contributions and interest made on account of service rendered through August 31, 1972, and not previously refunded. As was previously pointed out, House Bill 983 became effective on February 14, 1980. Therefore, in view of the fact that no circuit court clerk could become a member of the system within 90 days after the effective date of the act and in view of the fact that no circuit court clerk could come within the provisions of subsection 6 of § 104.350, it is our view that a refund of accumulated contributions couldnot be paid to a circuit court clerk prior to retirement, under the present provisions of subsection 4 of § 104.372 of House Bill 983.
CONCLUSION
The opinion of this office is as follows:
1. A refund of accumulated contributions could be paid to a circuit court clerk who terminates his membership and requests a refund under the provisions of subsection 2 of § 104.350 of House Bill 983 as enacted by the 80th General Assembly.
2. A refund of accumulated contributions could be paid to a beneficiary or the estate of a circuit court clerk under the provisions of subsection 3 of § 104.372 of House Bill 983 as enacted by the 80th General Assembly in the event of the death of a circuit court clerk.
3. A refund of accumulated contributions could be paid to a circuit court clerk at retirement under the present provisions of subsection 2 of § 104.372 of House Bill 983 as enacted by the 80th General Assembly.
4. A refund of accumulated contributions could not be paid to a circuit court clerk prior to retirement under the present provisions of subsection 4 of § 104.372 of House Bill 983 as enacted by the 80th General Assembly and signed into law by the Governor on February 14, 1980.
The foregoing opinion which I hereby approve, was prepared by my assistant, B. J. Jones.
Very truly yours,
 JOHN ASHCROFT Attorney General